IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIGI E. AIELLO and
JOSHUA SCOLMAN,

                Plaintiffs,                         ORDER

v.                                                   13-cv-562-wmc

KELLI WEST, *et al.*,

                Defendants.

---

Plaintiffs Luigi E. Aiello and Joshua Scolman, prisoners incarcerated in the Wisconsin Department of Corrections at the Waupun Correctional Institution, have submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiffs have filed motions for leave to proceed *in forma pauperis* in this case. (Dkts. # 2, # 3). After considering the motions and supporting documentation, the court concludes that plaintiffs qualify for indigent status for reasons set forth briefly below.

Because plaintiffs are incarcerated, their case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this

formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the PLRA and will be obligated to pay the full fee for filing the action. *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004). From plaintiff Aiello's trust fund account statement, 20% of the average monthly deposits to plaintiff's account is $10.80, but 20% of the average monthly balance is $154.60. Because the greater of the two amounts is 20% of the average monthly balance, or $154.60, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff Aiello must submit this amount on or before September 16, 2013.

From plaintiff Scolman's trust fund account statement, 20% of the average monthly deposits to plaintiff's account is $25.90, but 20% of the average monthly balance is $243.10. Because the greater of the two amounts is 20% of the average monthly balance, or $243.10, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff Scolman must submit this amount on or before September 16, 2013.

If plaintiffs do not have the money to make the initial partial fee payments in their regular accounts, they must arrange for prison officials to pay some or all of the assessment

from their release accounts. This does not mean that plaintiffs are free to ask prison officials to pay *all* of their filing fee from their release accounts. The only amount plaintiffs must pay at this time are the initial partial payments. Before prison officials take any portion of that amount from plaintiffs' release accounts, they may first take from plaintiffs' regular accounts whatever amount up to the full amount plaintiffs owe. Plaintiffs should show a copy of this order to prison officials to ensure that they are aware they should send plaintiffs' initial partial payments to this court.

With regard to future filings in this case, plaintiffs should be aware of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of both plaintiffs must be signed by all of the plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

Finally, plaintiffs have filed a motion for appointment of counsel. It is well established that civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds

3

under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867. Until the court has ruled on plaintiffs' motion for leave to proceed *in forma pauperis*, any motion requesting the assistance of volunteer counsel must be denied as premature. The court will reconsider plaintiffs' request after it has screened this case as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. The motions filed by plaintiffs Luigi E. Aiello and Joshua Scolman for leave to proceed without prepayment of fees (Dkts. # 2, 3) are GRANTED.

2. Plaintiff Aiello is assessed $154.60 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $154.60 on or before September 16, 2013.

3. Plaintiff Scolman is assessed $243.10 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $243.10 on or before September 16, 2013.

4. **Plaintiffs are advised that if either of them fails to comply as directed, or show cause of their failure to do so, the court will assume that plaintiff does not wish to proceed and will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

5. No further action will be taken in this case until the court receives plaintiffs' initial partial filing fees as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue as soon as practicable depending on the demands of this court's docket.

6. Plaintiffs' motion for appointment of counsel (Dkt. #6) is DENIED without prejudice to reconsideration.

Entered this 23rd day of August, 2013.

                        BY THE COURT:

                        /s/
                        PETER OPPENEER
                        Magistrate Judge