IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LUIGI E. AIELLO and JOSHUA
SCOLMAN,

                            Plaintiffs,                       OPINION &ORDER

   v.

                                                                 13-cv-562-wmc

KELLY WEST, CATHY A. JESS, and
PAUL LUDVIGSON,

                            Defendants.

Since briefing their cross motions for summary judgment, the court permitted the parties to supplement the summary judgment record by submitting plaintiff Joshua Scolman's deposition. Now Scolman has filed a Motion to Strike his Deposition (dkt. #84), essentially claiming that: he did not have access to his legal materials before his deposition; the deposition was essentially a memory test; and the deposition questions called for speculation. Scolman's request will be denied.

Defendants point out that Scolman did have access to his legal materials at least three days before his deposition. (*See* Moon Decl, dkt. #88, ¶ 7.) Defendants further indicate that Scolman never objected to the deposition on that ground that he was unprepared. Accordingly, even if the court were to credit Scolman's claim that he needed his legal materials to prepare for his deposition, Scolman had sufficient access to them for review prior to being deposed.

Scolman's remaining arguments do not provide a reason to strike his deposition. While he claims that the deposition was a memory test and the questions required him to speculate, Scolman provides no basis for the court to strike them. To the contrary, the transcript of the deposition does not indicate that Scolman would be held accountable if he

could not accurately answer all of the questions; rather, he was instructed that the deposition was *not* a memory test and that when necessary, the attorney questioning him would provide him documents for review. (Scolman Dep., dkt. #78, at 7.) When he could not remember the answer to a question, he indicated as much and was not cross-examined about it. Further, the questions that apparently required speculation were related to what Scolman would have done in certain hypothetical situations with respect to his religious practices. While the answers may not be admissible at trial, those types of questions are not *per se* inappropriate, particularly since Scolman has the ability to testify about his own religious beliefs, and the court's use of that type of material at the summary judgment stage would take into account that his answers required some level of speculation. Accordingly, Scolman has not provided any reason for the court to strike his deposition from the record.

## ORDER

IT IS ORDERED that Plaintiff Joshua Scolman's Motion to Strike (dkt. #84) is DENIED.

Entered this 2nd day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge